UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MALCOLM JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:13-CR-161-PLR-HBG-25 |
| | ) | 3:16-CV-383-PLR |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 962]. For the reasons stated below, Petitioner's § 2255 motion [*Id.*] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

In April of 2014, Petitioner pled guilty to conspiracy to distribute and possess within intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) [Doc. 241 ¶¶ 1, 3, 4]. Based on prior Tennessee convictions for possession with intent to sell a controlled substance and aggravated robbery, Petitioner was deemed a career offender with a resulting guideline range of 188 to 235 months' imprisonment with a maximum statutory term of forty years' incarceration under § 841(b)(1)(B) [Presentence Investigation Report ("PSR") ¶¶ 82, 85, 93, 94, 115, 116]. As a result of the United States' Section 5K1.1 motion for downward departure and motion for variance, Petitioner received a below-guidelines 123-month term of incarceration followed by six years' supervised release [Doc. 679]. No appeal was taken.

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). Slightly under one year later, on June 23, 2016, Petitioner filed the instant request for collateral relief in light of *Johnson* [Doc. 962].

II.     **STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

III.    **ANALYSIS**

Petitioner articulates a single ground of collateral attack, arguing *Johnson*—in which the United States Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague—precludes his continued categorization as a career offender [Docs. 962; 963 (implying that *Johnson*'s holding extends to identical provisions of the Guidelines and, as a result, his prior convictions no longer qualify as career-offender predicates)]. The Court finds that it need not address whether the petition is timely because, even assuming the Court were to find that *Johnson*'s application in the Guideline context triggered a renewed window under § 2255(f)(3), *see* 28 U.S.C. § 2255(f)(3) (providing an alternative commencement from "the date on which the

2

right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), the proposed claim would fail as a matter of law.

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause— that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See United States v. Pawlak*, No.15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016) (concluding that the "rationale of *Johnson* applies equally" to the Guidelines' residual clause definition of crime of violence).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 962].

3

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2 or "controlled substance offenses." *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief.

At least one of Petitioner's prior drug convictions—possession with intent to sell a controlled substance [PSR ¶ 93]—involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration, *see United States v. Carter*,

4

283 F.3d 755, 757–58 (6th Cir. 2002) (finding three convictions for sale of cocaine constituted three separate predicate offenses under 4B1.2); *United States v. Kinzer*, No. 2:10-cr-84, 2014 U.S. Dist. LEXIS 29340, at *2–3, 15–19 (E.D. Tenn. Mar. 7, 2014) (explaining two convictions for possession of marijuana with intent to sale constituted "controlled substance offenses"), and, as a result, was properly classified as qualifying predicate conviction under Section 4B1.1(a)(3). *Johnson* is inapposite. *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

Further, Sixth Circuit precedent makes clear that Petitioner's aggravated robbery conviction [PSR ¶ 94] categorically qualifies as a predicate offense independent of the residual clause. *See United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected the Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding Tennessee robbery is categorically a violent felony under the ACCA's use-of-physical-force clause). As such, the aggravated robbery conviction provides the second and final predicate offense required for Petitioner's continued categorization as a career offender under Section 4B1.1.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 962] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal

5

Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

  **AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**

6